IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SEMIAN, | : |
|               Plaintiff | : |
| | :   No. 3:17-CV-1183 |
| v. | : |
| | :   Judge Mariani |
| DEPARTMENT OF MILITARY | : |
| AND VETERANS' AFFAIRS – | :   Electronically Filed Document |
| GINO J. MERLI VETERANS | : |
| CENTER, | :   *Complaint Filed 07/05/17* |
|               Defendants | : |

## DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT

The Department of Military and Veterans' Affairs, by its attorneys, hereby answers the complaint as follows:

1. It is ADMITTED that Plaintiff formerly worked at the Gino J. Merli Veterans' Center. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph one concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

3. ADMITTED.

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

7. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

9. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff, and accordingly cannot admit or deny the allegations regarding him.

13. ADMITTED.

14. ADMITTED.

15. ADMITTED.

16. ADMITTED.

17. DENIED as stated. The Mission Statement for the Defendant is a document which speaks for itself.

18. ADMITTED.

19. ADMITTED.

20. ADMITTED.

21. DENIED.

22. Paragraph 22 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

23. Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

24 (sic). Paragraph 24 is a statement of jurisdiction to which no response is required.

25. Paragraph 25 is a statement of venue to which no response is required.

26. All of the responses contained in the foregoing paragraphs of the Answer to the Amended Complaint are incorporated by reference herein as if the same were set forth at length.

27. Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

28. Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

29. ADMITTED.

30. DENIED.

31. DENIED.

32. DENIED.

33. DENIED.

34. DENIED.

35. DENIED.

36. DENIED.

37. DENIED.

38. DENIED.

39. DENIED.

40. DENIED.

41. DENIED.

42. DENIED.

43. DENIED.

44. DENIED.

45. DENIED.

46. DENIED.

47. DENIED.

48. DENIED.

49. DENIED.

50. DENIED.

51. DENIED.

52. DENIED.

53. DENIED.

54. ADMITTED.

55. DENIED.

56. DENIED.

57. DENIED.

58. ADMITTED.

59. DENIED.

60. ADMITTED.

61. DENIED.

62. DENIED.

63. DENIED.

64. DENIED.

65. ADMITTED.

66. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Pennsylvania Department of Health, and accordingly cannot admit or deny the allegations.

67. DENIED.

68. DENIED.

69. DENIED.

70. DENIED.

71. DENIED.

72. DENIED.

73. DENIED.

74. DENIED.

75. DENIED.

76. DENIED.

77. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Pennsylvania Department of Health, and accordingly cannot admit or deny the allegations.

78. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning the Pennsylvania Department of Health, and accordingly cannot admit or deny the allegations.

79. DENIED as stated. The survey is a document which speaks for itself.

80. DENIED.

81. DENIED.

82. DENIED as stated. The interim evaluation is a document which speaks for itself.

83. DENIED as stated. The interim evaluation is a document which speaks for itself.

84. DENIED as stated. The interim evaluation is a document which speaks for itself.

85. DENIED as stated. The correspondence is a document which speaks for itself.

86. DENIED.

87. DENIED.

88. DENIED.

89. DENIED.

90. DENIED.

91. DENIED.

92. DENIED.

93. All of the responses contained in the foregoing paragraphs of the Answer to the Amended Complaint are incorporated by reference herein as if the same were set forth at length.

94. Paragraph 94 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

95. Paragraph 95 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

96. Paragraph 96 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

97. Paragraph 97 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

98. Paragraph 98 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

99. Paragraph 99 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

100. Paragraph 100 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

101. All of the responses contained in the foregoing paragraphs of the Answer to the Amended Complaint are incorporated by reference herein as if the same were set forth at length.

102. Paragraph 102 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

103. Paragraph 103 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

104. All of the responses contained in the foregoing paragraphs of the Answer to the Amended Complaint are incorporated by reference herein as if the same were set forth at length.

105. Paragraph 105 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

106. Paragraph 106 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

107. Paragraph 107 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

108. Paragraph 108 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

109. Paragraph 109 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

110. Paragraph 110 contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

        **Respectfully submitted,**

        **JOSH SHAPIRO**
        **Attorney General**

        **By:**  *s/ Jessica S. Davis*
        JESSICA S. DAVIS

**Office of Attorney General**    Senior Deputy Attorney General
**15th Floor, Strawberry Square**    Attorney ID 94560
**Harrisburg, PA 17120**
**Phone: (717) 783-6270**    **KELI M. NEARY**
        **Chief Deputy Attorney General**
[jdavis@attorneygeneral.gov](mailto:jdavis@attorneygeneral.gov)    **Civil Litigation Section**

**Date: November 21, 2018**    **Counsel for Defendant Department of Military Veterans Affairs**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SEMIAN,** : | |
|     **Plaintiff** : | |
| : | No. 3:17-CV-1183 |
| **v.** : | |
| : | Judge Mariani |
| **DEPARTMENT OF MILITARY** : | |
| **AND VETERANS' AFFAIRS –** : | **Electronically Filed Document** |
| **GINO J. MERLI VETERANS** : | |
| **CENTER,** : | *Complaint Filed 07/05/17* |
|     **Defendants** : | |

## CERTIFICATE OF SERVICE

I, Jessica S. Davis, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 21, 2018, I caused to be served a true and correct copy of the foregoing document titled Defendant's Answer to the Amended Complaint to the following:

## VIA ELECTRONIC FILING

**Harry T. Coleman, Esquire**
**Law Office**
**41 North Main Street, Suite 316**
**Carbondale, PA  18407**
**harry@harrycolemanlaw.com**
*Counsel for Plaintiff*

                                         *s/ Jessica S. Davis*
                                         **JESSICA S. DAVIS**
                                         Senior Deputy Attorney General