## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SEMIAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:17-CV-1183** |
| **v.** | : | |
| | : | **Judge Mariani** |
| **DEPARTMENT OF MILITARY** | : | |
| **AND VETERANS' AFFAIRS –** | : | **Electronically Filed Document** |
| **GINO J. MERLI VETERANS** | : | |
| **CENTER,** | : | *Complaint Filed 07/05/17* |
| **Defendants** | : | |

## DEFENDANT'S PRETRIAL MEMORANDUM

A.   <u>A brief statement as to federal court jurisdiction:</u>

This action was brought pursuant to Title VII. The Court has jurisdiction under 28 U.S.C. §§ 1331.

B.   <u>A summary statement of facts and contentions as to liability:</u>

Plaintiff, the former Commandant of the Gino Merli Veterans' Center (the "Home"), which is operated by Defendant Department of Military and Veterans Affairs ("DMVA"). Following the repeated downgrading (for nearly two years) of the Home's state license, Plaintiff was terminated in October, 2015. At the time of his termination, the Home had been downgraded by the Pennsylvania Department of Health from a fully operational license to a Provisional III license, and was put on notice that they would be downgraded to a Provisional IV license, the lowest of all operating licenses. The next step after the issuance of a Provisional IV license is

the closure or state takeover of the Home. Plaintiff was terminated for his failure to properly manage the Home and his failure to correct repeated citations and deficiencies from the Pennsylvania Department of Health.

Plaintiff maintains that he was terminated on the basis of his sexual orientation.

Defendants maintain Plaintiff's rights were not violated when he was terminated.

C.    A comprehensive statement of undisputed facts:

Plaintiff, Michael Semian, is a resident of Pennsylvania and formerly worked, at all relevant times, as the Commandant/ Administrator at the Veterans' Center from June 2010 to October 2015.

Plaintiff is, and has been, a Licensed Nursing Home Administrator in the Commonwealth of Pennsylvania.

The Defendant in this matter is the Pennsylvania Department of Military and Veterans Affairs ("DMVA") is a Commonwealth agency with a principal mailing address at 0-47. Fort Indiantown Gap, Annville, PA 17003.  DMVA provides advice and assistance to Pennsylvania's nearly 820,000 veterans and their families and to provide quality care to aging veterans.

Plaintiff holds licensure as a Pennsylvania Licensed Nursing Home Administrator which he obtained in 1994.

In 2010the Plaintiff was approved by former Governor Ed Rendell as the Commandant of the Gino Merli Veterans' Center in Scranton.

Plaintiff worked for the Defendant as Commandant/Administrator at the Veterans' Center from his appointment in June of 2010 to his separation in October of 2015.

The Defendant DMVA is a department of the Commonwealth of Pennsylvania, with a place of business at the above address.

Defendant is the party that maintains the Department of Military and Veterans' Affairs ("Department") and its divisions and sub-divisions.

The Department of Military and Veterans' Affairs was established by the Pennsylvania Legislature to administer the healthcare system for Commonwealth Veterans.

The Mission Statement for the Department is: "to provide advice and assistance to Pennsylvania's more than 894,000 Veterans and their families and to provide quality care to aging Veterans."

DMVA, through its facilities, provides a broad spectrum of personal care, skilled nursing care, domiciliary care, and dementia care for eligible Veterans who served in the armed forces of the United States of America.

The Veterans' Center in Scranton opened in January 1994 as the Northeastern Veterans' Center and was the first newly constructed home for

veterans within the state system.

In July 2002, the Veterans' Center was renamed the Gino J. Merli Veterans' Center in honor of the noted World War II hero and Medal of Honor recipient from Lackawanna County.

At all times relevant hereto, the Defendant DMVA acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job duties.

D.    A brief description of damages, including, where applicable: 1) principal injuries sustained, 2) hospitalization and convalescence, 3) present disability, 4) special monetary damages, loss of past earnings, medical expenses, property damages, etc., 5) estimated value of pain and suffering, and 6) special damage claims.

To be provided by Plaintiff. Defendant contends that Plaintiff is not entitled to any damages.

E.    Witnesses:

Andrew Ruscavage

Kim Kreiser

Barry Lowen

Jerry Beck

Vito Ruggiero

4

Edward Beck

Michelle Matz

Lynn O'Day

Susan Roulliard

Jonatthan Trexler

James Joseph

Records Custodians may be called where appropriate.

Defendant reserves the right to call those listed on Plaintiff's pretrial list.

F.    <u>Summary of testimony of each expert witness:</u>

N/A.

G.    <u>Special comment about pleadings and discovery:</u>

None at this time.

H.    <u>Summary of legal issues involved and legal authorities relied upon:</u>

Whether the Plaintiff failed to present sufficiently direct evidence of gender discrimination to warrant a mixed-motive jury instruction, such that the pretext jury instruction should be given? *See Kull v. Kutztown Univ. of Pennsylvania*, 543 F. App'x 244, 248 (3d Cir. 2013) ("Whether a case is a pretext case or mixed-motives case is a question for the court once all the evidence has been received… A plaintiff must demonstrate with 'sufficiently direct' evidence that gender was a motivating factor in the employer's decision to warrant a mixed-motives

instruction.") citing *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089 (3d Cir. 1995); *Watson v. SEPTA,* 207 F.3d 207, 215 (3d Cir.2000).

Whether Plaintiff's sexual orientation was not a determinative factor in the decision to terminate Plaintiff? *See Kull*, 543 F. App'x at 248 ("In a pretext case, the plaintiff must show that gender was a 'determinative factor'…").

As an initial matter, there is no right to a jury trial under the Pennsylvania Whistleblower Law. *Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672 (Pa. Super. Ct. 2014).

Alternatively, whether Plaintiff failed to prove that he was fired because he made reports? *Evans v. Thomas Jefferson Univ.*, 81 A.3d 1062, 1070 (Pa. Cmwlth. 2013) (The causal connection that the Whistleblower Law requires must be demonstrated "by concrete facts or surrounding circumstances that the report of wrongdoing or waste led to the plaintiff's dismissal, such as that there was specific direction or information received not to file the report or that there would be adverse consequences because the report was filed.").

I.   <u>Stipulations desired:</u>

That Defendants' exhibits are authentic.

That photocopies may be used in lieu of originals.

J.   <u>Estimated number of trial days:</u>

Three to four days.

K.      <u>Any other matters pertinent to the case to be tried:</u>

N/A.

L.      <u>Exhibit List:</u>

*See* attached Exhibit List. Defendant also reserves the right to use any exhibit listed by Plaintiff.

M.      <u>Special Verdict Questions:</u>

Proposed Special Verdict Questions will be submitted in accordance with Court order.

N.      <u>Statement that the person with settlement authority has been notified:</u>

The person with settlement authority has been notified of the requirements set forth in Local Rule 16.2.

O.      <u>Certificate required under Local Rule 30.10:</u>

N/A.

P.    <u>Findings of Fact and Law:</u>

     N/A.

                        **Respectfully submitted,**

                        **JOSH SHAPIRO**
                        **Attorney General**

**By:**  *s/ Jessica S. Davis*
                        **JESSICA S. DAVIS**

**Office of Attorney General**         **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**     **Attorney ID 94560**
**Harrisburg, PA 17120**
**Phone: (717) 783-6270**            **KAREN M. ROMANO**
                        **Acting Chief Deputy Attorney General**
**jdavis@attorneygeneral.gov**        **Civil Litigation Section**

**Date: October 10, 2019**            **Counsel for Defendant Department of**
                        **Military Veterans Affairs**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL SEMIAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:17-CV-1183** |
| **v.** | : | |
| | : | **Judge Mariani** |
| **DEPARTMENT OF MILITARY** | : | |
| **AND VETERANS' AFFAIRS –** | : | **Electronically Filed Document** |
| **GINO J. MERLI VETERANS** | : | |
| **CENTER,** | : | *Complaint Filed 07/05/17* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Jessica S. Davis, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 10, 2019, I caused to be served a true and correct copy of the foregoing document titled Defendant's Pretrial Memorandum to the following:

## VIA ELECTRONIC FILING

**Harry T. Coleman, Esquire
Law Office
41 North Main Street, Suite 316
Carbondale, PA  18407
harry@harrycolemanlaw.com**
*Counsel for Plaintiff*

                    *s/ Jessica S. Davis*
                    **JESSICA S. DAVIS**
                    Senior Deputy Attorney General