# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SEMIAN,<br>       Plaintiff<br><br>    v.<br><br>DEPARTMENT OF MILITARY<br>AND VETERANS' AFFAIRS –<br>GINO J. MERLI VETERANS<br>CENTER,<br>       Defendants | No. 3:17-CV-1183<br><br>Judge Mariani<br><br>Electronically Filed Document<br><br>*Complaint Filed 07/05/17* |

## DEFENDANT'S PRETRIAL MEMORANDUM

A. <u>A brief statement as to federal court jurisdiction:</u>

This action was brought pursuant to Title VII. The Court has jurisdiction under 28 U.S.C. §§ 1331.

B. <u>A summary statement of facts and contentions as to liability:</u>

Plaintiff, the former Commandant of the Gino Merli Veterans' Center (the "Home"), which is operated by Defendant Department of Military and Veterans Affairs ("DMVA"). Following the repeated downgrading (for nearly two years) of the Home's state license, Plaintiff was terminated in October, 2015. At the time of his termination, the Home had been downgraded by the Pennsylvania Department of Health from a fully operational license to a Provisional III license, and was put on notice that they would be downgraded to a Provisional IV license, the lowest of all operating licenses. The next step after the issuance of a Provisional IV license is

the closure or state takeover of the Home. Plaintiff was terminated for his failure to properly manage the Home and his failure to correct repeated citations and deficiencies from the Pennsylvania Department of Health.

Plaintiff maintains that he was terminated on the basis of his gender.

Defendants maintain Plaintiff's rights were not violated when he was terminated.

C.  <u>A comprehensive statement of undisputed facts:</u> To be submitted by Plaintiff.

D.  <u>A brief description of damages, including, where applicable: 1) principal injuries sustained, 2) hospitalization and convalescence, 3) present disability, 4) special monetary damages, loss of past earnings, medical expenses, property damages, etc., 5) estimated value of pain and suffering, and 6) special damage claims.</u>

To be provided by Plaintiff. Defendant contends that Plaintiff is not entitled to any damages.

E.  <u>Witnesses:</u>

Andrew Ruscavage

Kim Kreiser

Barry Lowen

Jerry Beck

    Vito Ruggiero

    Edward Beck

    Michelle Matz

    Dr. John Bart

    Dr. Jackson

    Lynn O'Day

    Susan Roulliard

    Jonathan Trexler

    Major General Joseph

    Records Custodians may be called where appropriate.

    Defendant reserves the right to call those listed on Plaintiff's pretrial list.

F.     <u>Summary of testimony of each expert witness:</u>

    N/A.

G.     <u>Special comment about pleadings and discovery:</u>

    This Honorable Court permitted Plaintiff's Title VII claim to proceed on the theory of "gender stereotype." *See* Doc. 31. The issue of whether "sexual orientation" is protected by Title VII is currently pending a decision by the United States Supreme Court in *Bostock v. Clayton County, Georgia*, 2018 WL 3870042 (2018), which is anticipated by June.

H.	Summary of legal issues involved and legal authorities relied upon:

*Title VII*

Whether the Plaintiff failed to present sufficiently direct evidence of gender discrimination to warrant a mixed-motive jury instruction, such that the pretext jury instruction should be given? *See Kull v. Kutztown Univ. of Pennsylvania*, 543 F. App'x 244, 248 (3d Cir. 2013) ("Whether a case is a pretext case or mixed-motives case is a question for the court once all the evidence has been received… A plaintiff must demonstrate with 'sufficiently direct' evidence that gender was a motivating factor in the employer's decision to warrant a mixed-motives instruction.") citing *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089 (3d Cir. 1995); *Watson v. SEPTA*, 207 F.3d 207, 215 (3d Cir.2000).

Whether Plaintiff's gender was not a determinative factor in the decision to terminate Plaintiff? *See Kull*, 543 F. App'x at 248 ("In a pretext case, the plaintiff must show that gender was a 'determinative factor'…").

*Pennsylvania Whistleblower Act*

There is no right to a jury trial under the Pennsylvania Whistleblower Law. *Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672 (Pa. Super. Ct. 2014). This claim is not properly before the jury.

Whether Plaintiff's Whistleblower Complaint is not actionable because the Plaintiff's complaints do not amount to a "good faith report" under the Pennsylvania Whistleblower Law? 43 P.S. § 1424(b) (A Plaintiff "must show by a preponderance of the evidence that, prior to the alleged reprisal, the employee or a person acting on behalf of the employee had reported or was about to report in good faith ... an instance of wrongdoing or waste to the employer or an appropriate authority").

Stipulations desired:

That Defendants' exhibits are authentic.

That photocopies may be used in lieu of originals.

I. Estimated number of trial days:

Three to four days.

J. Any other matters pertinent to the case to be tried:

N/A.

K. Exhibit List:

*See* attached Exhibit List. Defendant also reserves the right to use any exhibit listed by Plaintiff.

L. Special Verdict Questions:

Proposed Special Verdict Questions will be submitted in accordance with Court order.

M.  <u>Statement that the person with settlement authority has been notified:</u>

The person with settlement authority has been notified of the requirements set forth in Local Rule 16.2.

N.  <u>Certificate required under Local Rule 30.10:</u>

N/A.

O.  <u>Findings of Fact and Law:</u>

N/A.

                                                **Respectfully submitted,**

                                                **JOSH SHAPIRO**
                                                **Attorney General**

                                    **By:**  _s/ Nicole J. Boland_
                                                **NICOLE J. BOLAND**

**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**     **Attorney ID 314061**
**Harrisburg, PA 17120**
**Phone: (717) 783-3146**            **KAREN M. ROMANO**
                                                **Chief Deputy Attorney General**

[nboland@attorneygeneral.gov](mailto:nboland@attorneygeneral.gov)

**Date: February 12, 2020**            **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SEMIAN, : | |
|                Plaintiff : | |
| : | No. 3:17-CV-1183 |
| v. : | |
| : | Judge Mariani |
| DEPARTMENT OF MILITARY : | |
| AND VETERANS' AFFAIRS – : | Electronically Filed Document |
| GINO J. MERLI VETERANS : | |
| CENTER, : | *Complaint Filed 07/05/17* |
|            Defendants : | |

## CERTIFICATE OF SERVICE

I, Nicole J. Boland, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 12, 2020, I caused to be served a true and correct copy of the foregoing document titled Defendant's Pretrial Memorandum to the following:

## VIA ELECTRONIC FILING

**Harry T. Coleman, Esquire**
**Law Office**
**41 North Main Street, Suite 316**
**Carbondale, PA  18407**
**harry@harrycolemanlaw.com**
*Counsel for Plaintiff*

                                               *s/ Nicole J. Boland*
                                              **NICOLE J. BOLAND**
                                              Deputy Attorney General