IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SEMIAN<br><br>                                 Plaintiff,<br>v.<br><br>DEPARTMENT OF MILITARY AND VETERANS' AFFAIRS-GINO J. MERLI VETERANS' CENTER<br><br>                                Defendant. | JURY TRIAL DEMANDED<br><br>NO: 3:17-CV-1183<br><br>HONORABLE<br>ROBERT D. MARIANI |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

***NOW COMES*** the Plaintiff, Michael Semian, by and through Counsel, Harry T. Coleman, Esquire, and hereby files the following Pre-Trial Memorandum in accordance with Local Rule 16.6 of the United States District Court for the Middle District of Pennsylvania.

**Date conference was held by counsel:**  February 3, 2020

    **A.**    **A Brief Statement as to Federal Court Jurisdiction:**

This court has jurisdiction pursuant to 28 U.S.C. §§. 1331.

    **B.**    **A Statement of Facts and Contentions as to Liability:**

Michael Semian, following hire, quickly established himself as an outstanding leader in the context of the multi-union based Gino Merli Veterans' Center. The jury will hear testimony concerning the status of the Veterans' Center upon his hire and the multiple efforts that he undertook in order to change the employment culture at the Center and most

importantly, to improve the care of that our cherished Veterans deserve while residents at the Center.

It is the position of Mr. Semian that the sexual orientation discrimination he endured was motivated, at least in part, by sex and is thus a sub-set of sexual discrimination for purposes of Title VII.

**Contentions as to liability**

Plaintiff will establish that the termination of Michael Semian as Commandant at the Gino Merli Veterans' Center was based on his sexual orientation.  The trial evidence will establish that the decision-makers here had knowledge of the plaintiff's sexual orientation.  Insensitive, homophobic slurs were made to Mr. Semian and about Mr. Semian.

Following Mr. Semian's employment with the Commonwealth, the evidence will clearly show the situation he inherited at the Merli Center. The evidence will establish the outstanding contributions and tenure of Mr. Semian up to and including the time of separation of the Center's Director of Nursing.

Plaintiff's evidence will pinpoint issues occurring at the Merli Center solely due to the conduct of the defendants in 2014 and 2015 that ultimately led to him being scapegoated for the defendant's deficiencies at the Merli Center.

Plaintiff is confident that the trial evidence will establish all necessary elements for the jury to conclude that the termination of Mr. Semian in light of his status as a gay person was significantly motivated by his sexual orientation.

The Title VII claim of Michael Semian is no different from claims brought by individuals who were either rejected for jobs or terminated from jobs for impermissible reasons.  The Commonwealth of Pennsylvania disadvantaged Mr. Semian because of his sexual orientation and the plaintiff's evidence will establish this point at trial.

    **C.**    **A Comprehensive Statement of Undisputed Facts Agreed Upon by Counsel at the Rule 16.3 Conference:**

**The following facts have been stipulated to by the parties**:

    1.    Plaintiff, Michael Semian, is a resident of Pennsylvania and formerly worked, at all relevant times, as the Commandant/ Administrator at the Veterans' Center from June 2010 to October 2015.

    2.    Plaintiff is, and has been, a Licensed Nursing Home Administrator in the Commonwealth of Pennsylvania.

    3.    The Defendant in this matter is the Pennsylvania Department of Military and Veterans Affairs ("DMVA") is a Commonwealth agency with a principal mailing address at 0-47. Fort Indiantown Gap, Annville, PA 17003.

DMVA provides advice and assistance to Pennsylvania's nearly 820,000 veterans and their families and to provide quality care to aging veterans. Plaintiff holds licensure as a Pennsylvania Licensed Nursing Home Administrator which he obtained in 1994.

4.  In 2010 the Plaintiff was approved by former Governor Ed Rendell as the Commandant of the Gino Merli Veterans' Center in Scranton.

5.  Plaintiff worked for the Defendant as Commandant/Administrator at the Veterans' Center from his appointment in June of 2010 to his separation in October of 2015.

6.  The Defendant DMVA is a department of the Commonwealth of Pennsylvania, with a place of business at the above address.

7.  Defendant is the party that maintains the Department of Military and Veterans' Affairs ("Department") and its divisions and sub-divisions.

8.  DMVA, through its facilities, provides a broad spectrum of personal care, skilled nursing care, domiciliary care, and dementia care for eligible Veterans who served in the armed forces of the United States of America.

9.  The Veterans' Center in Scranton opened in January 1994 as the Northeastern Veterans' Center and was the first newly constructed

home for veterans within the state system.

10. In July 2002, the Veterans' Center was renamed the Gino J. Merli Veterans' Center in honor of the noted World War II hero and Medal of Honor recipient from Lackawanna County.

11. At all times relevant hereto, the Defendant DMVA acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job duties.

**D.     A Brief Description of Damages:**

(1) **Principal injuries sustained**: Mr. Semian sustained a violation of his rights under Title VII.  There were no physical injuries here.

(2) **Hospitalization and convalescence**: N/A

(3) **Present disability**: None.

(4) **Special monetary damages, loss of past earning, medical expenses, property damages, etc.**:

The plaintiff's salary as Commandant has not yet been achieved by Mr. Semian since he was terminated in 2015.  Mr. Semian will establish at trial the monetary loss of earnings as well as his life expectancy.

(5) **Estimated value of pain and suffering, etc.**:  N/A

(6) Special damage claims:

>An award to compensate Plaintiff for back pay for lost wages and benefits and front pay for denial of Plaintiff's expected

future earnings;

Compensatory damages for physical and emotional injuries, humiliation, and damage to his professional reputation;

Pre and post-judgment interest;

The costs of litigation, including reasonable attorney's fees and expert witness fees;

The cost of litigation, including expert witness fees; and

Such other relief as may be just.

**E.    Names of Witnesses, Along with the Specialties and Qualifications of Experts to be Called:**

| # | Name | Role |
|---|------|------|
| 1. | Andrew Ruscavage | Director of Veterans Homes. |
| 2. | Michelle Matz | Former DON |
| 3. | Lynn O'Day | Secretary to Commandant |
| 4. | Susan Roulliard | HR at GMVC |
| 5. | Dr. Daniel Kazmerski | Medical Director GMVC |
| 6. | Michelle Kimeck | Quality Assurance Director GMVC |
| 7. | Jonathan Trexler | RN Supervisor ADON/GMVC |
| 8. | Carl Weinschenk | Former Commandant |
| 9. | Andy Remish | Infection Control/Wound Care Nurse |
| 10. | Barbara Orazzi | DON (Defendants) |
| 11. | Timothy Legg, PhD.,Psy.D, MSN, CRNP, CNHA, FACHCA. | |
| 12. | Dr. John Bart | Medical Director GMVC |
| 13. | Susan Smith | DON (Defendants) |

| | | |
|---|---|---|
| 14. | Marylynn Hewitt | Acting DON |
| 15. | Carol Sweeney | Infection Control/Wound Care |
| 16. | Ed Beck | Quality Assurance (Defendants) |
| 17. | Joann Stackmem | Employee of Defendant (former) |

Plaintiff reserves the right to call all witnesses identified by the Defendant and other witnesses on rebuttal.

**F.** **Summary of Testimony of expert witness:**

Plaintiff has no expert witnesses.

**G.** **Special Comment about Pleadings and Discovery:**

None.

**H.** **A Summary of Legal Issues Involved and legal authorities relied upon:**

To state a viable claim for discrimination under Title VII, Plaintiff must plead sufficient facts to show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. See *Jones v. SEPTA*, 796 F.3d 323, 327(3d Cir. 2015). The complaint must, therefore, allege facts to show, inter alia, that the "defendant terminated plaintiff's employment or otherwise discriminated against the plaintiff because plaintiff is a member of any of the specified

7

groups." *Thomas v. Dennis Real Estate, Inc.*, 1989 WL 114165, at *1 (E.D. Pa. Sept. 29, 1989)(emphasis added).

The Pennsylvania Whistleblower Law (PWL) provides that a public employer cannot discharge, threaten, or otherwise discriminate or retaliate against an employee because the employee or a person acting on behalf of the employee either: (1) makes a good-faith report to the employer or an appropriate authority of an instance of wrongdoing or waste, or (2) is asked by an appropriate authority to participate in an investigation, hearing, or court action. An "employee" is broadly defined as "a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied, for a public body." The term "public body" is similarly liberally defined as including the following:

> A state officer, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the government;
>
> A county, city, township, regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency; and
>
> Any other body that is created by the Commonwealth or political subdivision authority, or that is funded in any amount by or through the Commonwealth or political subdivision.

8

1. Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (codified as amended in scattered sections of 15 U.S.C.).

2. Congressional Record p. S7412; S. Rep. No. 107-146, 107th Cong., 2d Session 19 (2002).

3. Act of 1986, P.L. 1559, No. 169, as amended, 43 P.S. § 1421 et seq. *Retaliatory Discharge and Whistleblowers* 334

**I.** **Stipulations Desired:**

None.

**J.** **Estimated Number of Trial Days**:

Five

**K.** **Other Matters Pertinent to the Case:**

None

**L.** **Pursuant to Local Rule 16.3 append to this memorandum a pre-numbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit form:**

Plaintiff's exhibit list is attached.

**M.** **Special Verdict Questions:**

Will be filed in advance of Jury selection consistent with this Court's Order of October 11, 2020 (Doc. 59).

**N.** **Certification of Undersigned Counsel Pursuant to Local Rule 16.2:**

I hereby certify that I have advised Michael Semian to be available at the time of the Pre-Trial Conference should this case resolve under non-monetary terms.

**O.** **Certification Under Local Rule 30.10**:

   N/A.

**P.** **Request for Findings of Fact and Conclusions of Law on Non-Jury Matter:**

   N/A.


Dated: February 14, 2020     LAW OFFICE OF HARRY T. COLEMAN

                      By: *Harry T. Coleman*
                          Harry T. Coleman, Esquire
                          41 N. Main Street
                          3rd Floor, Suite 316
                          Carbondale, PA 18407
                          (570) 282-7440
                          (570) 282-7606 Fax
                          Harry@harrycolemanlaw.com

                      By: *Walter F. Casper*
                          Walter F. Casper, Jr., Esquire
                          Church Street at 7th Avenue
                          Carbondale, PA 18407
                          (570) 282-6910

                          *Attorneys for Plaintiff*