THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SEMIAN,

    Plaintiff,

    v.

DEPARTMENT OF MILITARY AND
VETERANS' AFFAIRS – GINO J.
MERLI VETERANS CENTER,

    Defendant.

3:17-CV-1183
(JUDGE MARIANI)

### ORDER

AND NOW, THIS ____ DAY OF FEBRUARY 2020, upon consideration of the parties' proposed voir dire questions (Docs. 74, 74-1, 82), **IT IS HEREBY ORDERED THAT**:

1. The parties may ask the following questions and any necessary follow-up questions to the extent they are not already covered by the Court's voir dire.

2. PLAINTIFF

    a. Plaintiff may ask proposed voir dire questions 1, 2(a)-(d), 2(f), 2(j), 2(n)-(q), 3, 4, 6(a)-(c), 7, 8(a)-(d), 8(f)-(g), 9, 10(c)-(e), 11(a)-(b), 13, 15, 16(b)-(c), 17, 19(b), 19(d), 20, 23, 24.

  b. Plaintiff may ask the following questions in the revised form indicated below:

- 2(g) – Do you have any moral beliefs about citizens who are gay or lesbian?
- 2(h) – Have you received any instruction on the morality of gay and lesbian relationships?
- 2(k) – Do you have any feelings toward anyone who is lesbian, gay, or bisexual which would cause you to judge a member of the group differently than you would judge a heterosexual person?
- 2(m) – How much employment discrimination do you believe exists today in Pennsylvania against people due to their sexual orientation?
- 2(r) - Do you have any feelings about lesbian, gay, or bisexual persons based on your moral or personal beliefs?
- 8(e) - Have you or a family member ever been arrested? If so, raise your hand and we would like to ask you some questions at sidebar?
- 12 - This case centers upon the October 2015 termination of employment of Michael Semian from his position as

>   > Commandant at the Gino Merli Veterans Center in Scranton. Plaintiff submits he was terminated because of his sexual orientation
>   >
>   > The Defendant has denied this claim.
>   >
>   > - 16(a) - Is there anyone who has is sympathetic toward or is against Mr. Semian prior to hearing any evidence in the case?
>
>   c. Plaintiff may not ask proposed voir dire questions 2(e), 2(i), 2(l), 2(s), 5(a)-(b), 6(d)-(e), 10(a)-(b), 11(c), 14(a), 18(a)-(b), 19(a), 19(c), 21(a)-(b), 22(a).

3. DEFENDANT

    a. Defendant may ask proposed voir dire questions 1-11. However, Defendant shall omit references to "close friend" in voir dire questions 1-4, and 6.

    b. Defendant may ask the following supplemental questions derived from Defendant's Proposed Juror Questionnaire (Doc.74-1):

        - Have you or a member of your family ever been fired or laid off?
        - Have you or a member of your family ever worked in the military?
        - Have you or a member of your family ever worked in a nursing home?

3

- Have you or a member of your family ever owned a business or been self-employed?

- Have you or a member of your family ever been accused of discrimination?

- Have you or a member of your family ever filed an internal grievance with an employer?

- Have you or a member of your family ever filed a worker's compensation claim?

- Have you or a member of your family ever filed a grievance with a union?

- Have you or a member of your family ever filed a charge with the EEOC/FEP?

- Have you or a member of your family ever been involved in an employment dispute?

4. Any additional questions by either party, other than necessary follow-up, may only be asked with approval of the Court.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge