# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SEMIAN, | : | |
| Plaintiff | : | |
| | : | No. 3:17-CV-1183 |
| v. | : | |
| | : | Judge Mariani |
| DEPARTMENT OF MILITARY AND VETERANS' AFFAIRS – GINO J. MERLI VETERANS CENTER, | : | Electronically Filed Document |
| | : | Complaint Filed 07/05/17 |
| Defendant | : | |

## DEFENDANT'S TRIAL BRIEF

Defendant, the Department of Military and Veterans Affairs ("DMVA"), hereby submits this Trial Brief, as follows.

## I.  STATEMENT OF THE CASE

Plaintiff, Michael Semian, brings this lawsuit pursuant to Title VII of the Civil Rights Act, which prohibits discrimination in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, Plaintiff claims that he was terminated by the Defendant Department of Military and Veterans Affairs because of his sexual orientation. Defendant denies that Plaintiff was discriminated against in any way.

## II. STATEMENT OF THE FACTS

Plaintiff, the former Commandant of the Gino Merli Veterans' Center (the "Home"), which is operated by Defendant Department of Military and Veterans

Affairs ("DMVA"). Following the repeated downgrading (for nearly two years) of the Home's state license, Plaintiff was terminated in October, 2015. At the time of his termination, the Home had been downgraded by the Pennsylvania Department of Health from a fully operational license to a Provisional III license, and was put on notice that they would be downgraded to a Provisional IV license, the lowest of all operating licenses. The next step after the issuance of a Provisional IV license is the closure or state takeover of the Home. Plaintiff was terminated for his failure to properly manage the Home and his failure to correct repeated citations and deficiencies from the Pennsylvania Department of Health.

## III. LEGAL AUTHORITY

### DEFENDANT DID NOT DISCRIMINATE AGAINST PLAINTIFF IN VIOLATION OF HIS TITLE VII &PHRA RIGHTS

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1). The statute is not a "general civility code" and does not provide relief for "unpleasantness" in the workplace. *Onscale v. Sundowner Offshore Svcs., Inc.,* 523 U.S 75, 80 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998); *Barnes v. Nationwide Mut. Ins. Co.,* 598 F.App'x 86, 90 (3d Cir. 2015); *Walker v. Centocor Ortho Biotech, Inc.,* 558 F.App'x 216, 219 (3d Cir. 2014).

### A.     **<u>Plaintiff cannot establish a prima facie case of discrimination.</u>**

A plaintiff can prove discrimination on a direct basis, which requires direct evidence of discriminatory animus. *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 513 (3d Cir. 1997); *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 269 (3d Cir. 2010). Alternatively, a plaintiff can prove discrimination on an indirect basis by satisfying the familiar three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). *See a/so Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006) ("To prevail on a claim for gender discrimination under Title VII and its analogous provision under the PHRA, [plaintiff] must satisfy the three-step burden-shifting inquiry laid out in *McDonnell Douglas*.").

Under the *McDonnell Douglas* framework, Plaintiff must first establish a prima facie case of sex discrimination, which requires a showing that: "(1) he was a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) members of the opposite sex were treated more favorably." *Burton*, 707 F.3d at 426 (citing *Hugh v. Butler Cty. Family YMCA*. 418 F.3d 265, 267 (3d Cir. 2005)). "A plaintiff may also meet the last element by showing that the adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination." *Id.*

(quoting *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)). Like other courts, the Third Circuit has ruled that discrimination based on gender stereotypes is sex-based discrimination prohibited by Title VII. "[A] plaintiff may be able to prove that same-sex harassment was discrimination because of sex by presenting evidence that the harasser's conduct was motivated by a belief that the victim did not conform to the stereotypes of his or her gender." *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 260, 262-64 (3d Cir. 2001) (citations omitted) (further discussing plurality opinion in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250 (1989)).

Plaintiff cannot establish a prima facie case because he cannot satisfy three of the four elements. The issue of whether "sexual orientation" is protected by Title VII is currently pending a decision by the United States Supreme Court in *Bostock v. Clayton County, Georgia*, 2018 WL 3870042 (2018), which is anticipated by June. Under Third Circuit jurisprudence, Plaintiff is not a member of a protected class, absent a decision to the contrary by the Supreme Court. *See Bibby*.

Plaintiff also cannot demonstrate that he was qualified to maintain his position. Under Plaintiff's leadership, the nursing home went from a regular license to a provisional license. Indeed, the nursing home reached the last level of provisional license, and was almost shut down by the Department of Health.

Plaintiff was unable to prevent the home from losing its regular license, and was unable to turn the home in a positive direction. Plaintiff was, therefore, not qualified, and was unable to do his job. Moreover, there is no evidence that members of the opposite-sex, or gender conforming males, were treated more favorably than the Plaintiff.

For these reasons, Plaintiff cannot establish a prima facie case of discrimination.

### B. **Defendant had a legitimate business reason to terminate Plaintiff.**

Once the plaintiff presents a prima facie case of discrimination, the burden shifts to the employer to show that the action it took was not discriminatory. *See Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir.2009). If an employer presents a nondiscriminatory reason for the decision not to hire, the burden shifts to the plaintiff to "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." *Kautz v. Met–Pro Corp.*, 412 F.3d 463, 467 (3d Cir.2005). A plaintiff must submit evidence which (1) "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication;" or which (2) "allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir.1994).

Defendant terminated the Plaintiff because he was not an effective leader of the home. It was under his leadership that a provisional license occurred, and the situation worsened. Defendant was unable to move the nursing home in a positive direction, as it continued to fail inspections. Plaintiff will not be able to adduce any evidence demonstrating that Plaintiff's sexual orientation was a determinative factor because his orientation was not a factor, whatsoever.

## IV.   CONCLUSION

For the foregoing reasons, because Plaintiff cannot establish a prima facie case, this Honorable Court should enter judgment in Defendant's favor at the close of Plaintiff's case.

                                     **Respectfully submitted,**

                                     **JOSH SHAPIRO**
                                     **Attorney General**

                              **By:**   *s/ Nicole J. Boland*
                                     **Nicole J. Boland**

**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 314061**
**Harrisburg, PA 17120**
**Phone: (717) 783-3146**             **KAREN M. ROMANO**
                                             **Chief Deputy Attorney General**
[nboland@attorneygeneral.gov](nboland@attorneygeneral.gov)    **Civil Litigation Section**

**Date: February 25, 2020**           **Counsel for Defendant Department of Military Veterans Affairs**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SEMIAN,** : | |
| Plaintiff : | |
| : | No. 3:17-CV-1183 |
| v. : | |
| : | Judge Robert D. Mariani |
| **DEPARTMENT OF MILITARY** : | |
| **AND VETERANS' AFFAIRS –** : | **Electronically Filed Document** |
| **GINO J. MERLI VETERANS** : | |
| **CENTER,** : | *Complaint Filed 07/05/17* |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Nicole J. Boland, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 25, 2020, I caused to be served a true and correct copy of the foregoing document to the following:

## VIA ELECTRONIC FILING

**Harry T. Coleman, Esquire**
**Law Office of Harry Coleman**
**41 North Main Street, Suite 316**
**Carbondale, PA  18407**
harry@harrycolemanlaw.com
*Counsel for Plaintiff*

                         *s/ Nicole J. Boland*
                         **NICOLE J. BOLAND**
                         Deputy Attorney General