THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SEMIAN, :
:
    Plaintiff, :
: 3:17-CV-1183
v. : (JUDGE MARIANI)
:
DEPARTMENT OF MILITARY AND :
VETERANS' AFFAIRS – GINO J. :
MERLI VETERANS CENTER, :
:
    Defendant. :

## Jury Charge

Ladies and Gentlemen of the Jury,

The questions you are called upon to decide are whether Mr. Semian has proven his Title VII discrimination claim in this case as follows:

(1) Whether Mr. Semian has proven by a preponderance of the evidence that the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center terminated Plaintiff's employment;

(2) Whether Mr. Semian has proven by a preponderance of the evidence that his sex, that is, being a gay male, was a determinative factor in Defendant's decision.

If you should find in favor of Plaintiff on his claim, you must then decide what monetary damages, if any, should be awarded to him.

These instructions set forth the rules and analytical framework for resolving these issues.

1. **<u>Province of the Court and Jury</u>**

It is your duty to follow the law as I shall state it to you, and to apply that law to the facts as you find those facts from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You also should not be concerned with the wisdom of any rule of law stated by me.

Counsel may have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, I emphasize that you are to be governed by my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion may be. It is not my function to determine the facts, that responsibility is yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## 2. Evidence in the Case

Except where I have previously instructed you, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

## 3. Preponderance of the Evidence

The burden of proof in a civil case such as this one lies with Plaintiff, Michael Semian, the party asserting the claim for relief. Mr. Semian has the burden of proving his case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Semian and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side. If Mr. Semian fails to meet this burden on his claims, the verdict must be for the defendant on that claim. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

### 4. "If you find" or "If you decide"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

### 5. Evidence – Direct – Indirect or Circumstantial

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances or facts pointing to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### 6. Inferences Defined

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from

facts which you find have been proved, such reasonable inferences as seem justified in light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

### 7. **Witness Credibility**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following: (1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to; (2) the quality of the witness's understanding and memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and (7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 8. Impeachment

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## 9. Conflicting Testimony

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses, however, do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or

6

of different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you decide that there is a genuine and irreconcilable conflict of the testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

### 10. Michael Semian's Title VII Discrimination Claim Against the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center

In this case, Plaintiff Michael Semian makes a claim under a Federal Civil Rights statute, Title VII of the Civil Rights Act of 1964, that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Mr. Semian claims that the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center discriminated against him when it terminated him because of his sex, that is, because he is a gay male and does not conform to the stereotypes of his gender.

The Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center denies that Mr. Semian was discriminated against in any way.

I will now instruct you more fully on the issues you must address in this case.

To prevail on this claim, Mr. Semian must prove all of the following by a preponderance of the evidence:

First: Mr. Semian was terminated by the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center. The parties agree that Mr. Semian has proven this fact.

Second: Mr. Semian's sex, that is, his status as a gay male, was a determinative factor in the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's decision to terminate him.

As I stated regarding the first element, the parties agree that Mr. Semian has proven the first element of his Title VII discrimination claim in that he was terminated by the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center.

Concerning the second element, Plaintiff may be able to prove that he was discriminated against because of sex by presenting evidence that his termination was motivated by a belief that he did not conform to the stereotypes of his gender. A form of sex stereotyping is making a determination that a person should conform to heterosexual norms.

Although Mr. Semian must prove that the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center acted with the intent to discriminate, he is not required to prove that Defendant acted with the particular intent to violate his federal civil rights. Moreover, Mr. Semian is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center intentionally discriminated against Mr. Semian. For example, you have been shown statistics in this case. Statistics are one form of evidence that you may consider when deciding whether a defendant intentionally discriminated against a plaintiff. You should evaluate statistical evidence along with all the other evidence.

The Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center has given a nondiscriminatory reason for terminating Mr. Semian. If you believe Defendant's stated reason and if you find that Plaintiff's termination would have occurred because of Defendant's stated reason regardless of Plaintiff's sex, that is, a gay male, then you must find for the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center. If you disbelieve Defendant's stated reason for its conduct, then you may, but need not, find that Mr. Semian has proven intentional discrimination. In determining whether the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's stated reason for its action was a pretext, or excuse, for discrimination, you may not question its business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center or believe it is harsh or unreasonable. You are not to consider Defendant's wisdom. However, you may consider whether Mr. Semian has proven

that the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Mr. Semian has proven that his sex, that is, being a gay male, was a determinative factor in the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's decision to terminate him. "Determinative factor" means that if not for Mr. Semian's sex, that is, being a gay male, the termination would not have occurred.

### 11. Pennsylvania Human Relations Act Claim

Mr. Semian claims that his termination by the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center violated the Pennsylvania Human Relations Act for the same reasons it violated Title VII. The same standard is used for discrimination under the Pennsylvania Human Relations Act and under Title VII which I have just instructed you on. Therefore, if you find that Mr. Semian has proven that the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center violated Title VII, you must find that the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center violated the Pennsylvania Human Relations Act.

### 12. Damages

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the

Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center should be held liable.

### A. Compensatory Damages

If you find by a preponderance of the evidence that Mr. Semian's sex, being a gay male, was a determinative factor in the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's decision to terminate him, then you must consider the issue of compensatory damages. You must award Mr. Semian an amount that will fairly compensate him for any injury he actually sustained as a result of the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Mr. Semian in the position he would have occupied if the discrimination had not occurred. Mr. Semian has the burden of proving damages by a preponderance of the evidence.

Mr. Semian must show that the injury would not have occurred without the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's discriminatory act. Mr. Semian must also show that the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's act. This test—a substantial part in bringing about the injury—is to be distinguished

from the test you must employ in determining whether the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's actions were motivated by discrimination. In other words, even assuming that the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's actions were motivated by discrimination, Mr. Semian is not entitled to damages for an injury unless the Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's discriminatory action actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Semian experienced as a consequence of his termination by the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Mr. Semian would have earned, either in the past or in the future, if he had continued in employment with the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center. These elements of recovery of wages that Mr. Semian would have received from the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center are called "back pay" and "front pay." Under the applicable law, the determination of "back pay" and "front pay" is for the court to decide.

You may award damages for monetary losses that Mr. Semian may suffer in the future as a result of the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's termination of his employment. For example, you may award damages for loss of earnings resulting from harm to Mr. Semian's reputation that was suffered as a result of the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's termination of his employment. Where a victim of discrimination has brought suit for that discrimination, he may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Mr. Semian would have earned in the future from the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center if he had retained the job.

As I instructed you previously, Mr. Semian has the burden of proving damages by a preponderance of the evidence. But the law does not require that Mr. Semian prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Mr. Semian has a duty under the law to "mitigate" his damages--that means that Mr. Semian must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center.  It is the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center's burden to prove that Mr. Semian has failed to mitigate.  So if the Pennsylvania Department of Military and Veterans' Affairs – Gino J. Merli Veterans Center persuades you by a preponderance of the evidence that Mr. Semian failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Mr. Semian's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## B. Nominal Damages

If you return a verdict for Mr. Semian, but Mr. Semian has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

## 11. Election of Foreperson – Special Verdict

Upon retiring to the jury room, you may take with you these instructions and your notes. All exhibits that the court has admitted into evidence will also be available to you. You must then select one member of the jury to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided. The foreperson will then date and sign the special verdict form as completed. You will then return with it to the courtroom and your foreperson will give your verdict. Unless I direct you

otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

### 12. Verdict – Unanimous – Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so consistent with your individual judgments. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

If you have any questions or messages for me during the course of your deliberations, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence.

16